1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

GEORGE T. McLAUGHLIN,                )
                                     )
                        Plaintiff,   )   Case No. 2:08-cv-01342-PMP-GWF
                                     )
vs.                                  )   **ORDER**
                                     )
M. MARTEL, *et. al.*,                )   Amended Complaint (Dkt. #5)
                                     )
                        Defendants.  )
_____)

This matter is before the Court on Plaintiff's Amended Complaint (Dkt. #5), filed on October 2, 2008.

**DISCUSSION**

**I.    Background**

Plaintiff George McLaughlin brings this action seeking damages and an injunction against the removal of legal materials from the prison law library and the prison administration's restrictions on prisoner access to the law library at Mule Creek State Prison. (Dkt. #5). Plaintiff alleges that in late 2007, officials at Mule Creek State Prison infringed upon his right of access to the courts by limiting Plaintiff's access to the law library and legal research materials. (*Id.* at 4-6). According to the Complaint, in 2007, Mule Creek State Prison instituted a new "scheme" for prisoner access to the law library. Under the scheme, all legal books were removed from the library and replaced with computers capable of being used for legal research. (*Id.* at 4). Prisoners are allotted two (2) hours of legal research time per week and limited to half an hour of computer time each day. (*Id.* at 4-6). Mule Creek Prison also limits the number of prisoners that have access to the library at any one time to four (4). In a prison facility that Plaintiff estimates

contains between 1250-1300 prisoners, Plaintiff claims that the new restrictions on library access and the prison's removal of printed legal materials constitutes a violation of Plaintiff's right of access to the courts under 42 U.S.C. § 1983.

## II.     Screening of the Amended Complaint

### A.     Screening Standard Pursuant to 28 U.S.C. § 1915A

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1)-(2).

In addition to the screening requirements under § 1915A, pursuant to the PLRA, a federal court must dismiss a prisoner's claims, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Fed.R.Civ.P. 12(b)(6) and the Court applies the same standard under Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint.

Review under Fed.R.Civ.P. 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the Court takes as true all allegations of material fact stated in the complaint, and the Court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations in a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a

1 | plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly,*
2 | 550 U.S. 544, 553-57 (2007).  A formulaic recitation of the elements of a cause of action is
3 | insufficient. *Id.*; *see Papasan v. Allain,* 478 U.S. 265, 286 (1986).
4 |       All or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the
5 | prisoner's claims lack an arguable basis either in law or in fact.  This includes claims based on
6 | legal conclusions that are untenable (*e.g.* claims against defendants who are immune from suit or
7 | claims of infringement of a legal interest which clearly does not exist), as well as claims based on
8 | fanciful factual allegations (*e.g.* fantastic or delusional scenarios).  *See Neitzke v. Williams*, 490
9 | U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).  As
10 | Plaintiff's Motion to Amend Complaint (Dkt. #7) has been granted, the Court will screen
11 | Plaintiff's Amended Complaint as required by 28 U.S.C. § 1915A(a).
12 |       **B.**    **Screening the Amended Complaint**
13 |       Prisoners have a constitutional right of access to the courts.  *See Lewis v. Casey*, 518 U.S.
14 | 343, 346 (1996); *Bounds v. Smith*, 430 U.S. 817, 821 (1977), limited in part on other grounds by
15 | 518 U.S. at 343, 354.  *Bradley v. Hall*, 64 F.3d 1276, 1279 (9th Cir. 1995) (discussing the right
16 | in the context of prison grievance procedures).  This right "requires prison authorities to assist
17 | inmates in the preparation
18 | and filing of meaningful legal papers by providing prisoners with adequate law libraries or
19 | adequate assistance from persons trained in the law." *Bounds*, 430 U.S. at 828; *see also Madrid*
20 | *v. Gomez*, 190 F.3d 990, 995 (9th Cir. 1999).  The right, however, "guarantees no particular
21 | methodology but rather the conferral of a capability – the capability of bringing contemplated
22 | challenges to sentences or conditions of confinement before the courts. . . . [It is this capability]
23 | rather than the capability of turning pages in a law library, that is the touchstone" of the right of
24 | access to the courts.  *Lewis*, 518 U.S. at 356-57.  Prison officials may select the best method to
25 | ensure that prisoners will have the capability to file suit.  *See id.* at 356.  Prisons "might replace
26 | libraries with some minimal access to legal advice and a system of court-provided forms . . . that
27 | asked the inmates to provide only the facts and not to attempt any legal analysis." *Id.* at 352.
28 | Under this formulation, the Ninth Circuit decisions that concluded that prisons have an

1   obligation to provide photocopies and ink pens, where such services and materials were
2   necessary to filing an action or appeal, are arguably still good law.  *See Hiser v. Franklin*, 94
3   F.3d 1287, 1294 n.6 (9th Cir. 1996); *Allen v. Sakai*, 48 F.3d 1082, 1089-90 (9th Cir. 1995) .

4         To establish a violation of the right of access to the courts, a prisoner must establish that
5   he or she has suffered an actual injury, a jurisdictional requirement that flows from the standing
6   doctrine and may not be waived. *See Lewis*, 518 U.S. at 349; *Madrid*, 190 F.3d at 996. An
7   "actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the
8   inability to meet a filing deadline or to present a claim." *Lewis*, 518 U.S. at 348 (citation and
9   internal quotations omitted); *see also Alvarez v. Hill*, 518 F.3d 1152, 1155 n.1 (9th Cir. 2008)
10  (explaining that "[f]ailure to show that a 'non-frivolous legal claim ha[s] been frustrated' is fatal"
11  to a claim for denial of access to legal materials) (citing *Lewis*, 518 U.S. at 353 and n.4); *Madrid*,
12  190 F.3d at 996.  Delays in providing legal
13  materials or assistance that result in actual injury are "not of constitutional significance" if "they
14  are the product of prison regulations reasonably related to legitimate penological interests."
15  *Lewis*, 518 U.S. at 362.

16        In this instance, Plaintiff asserts that Mule Creek State Prison's new law library access
17  scheme and the removal of legal books and legal materials constitutes a violation of Plaintiff's
18  right of access to the courts.  However, Plaintiff's Complaint fails to allege he suffered any actual
19  injury.  The Complaint does not claim that Plaintiff has suffered any actual prejudice with respect
20  to contemplated or existing litigation, "such as the inability to meet a filing deadline or to present
21  a claim".  *Lewis*, 518 U.S. at 348; *see also Alvarez*, 518 F.3d at 1155 n.1.  Due to Plaintiff's
22  failure to allege an actual injury, the Court finds that Plaintiff does not have standing to raise a 42
23  U.S.C. § 1983 claim for violation of his right of access to the court.  *See Lewis*, 518 U.S. at 349;
24  *Madrid*, 190 F.3d at 996.  Therefore, the Court will dismiss Plaintiff's Complaint due to lack of
25  standing, with leave to amend.  Accordingly,

26        **IT IS HEREBY ORDERED** that Plaintiff's Amended Complaint (Dkt. #5) is **dismissed**
27  for failure to state a claim upon which relief can be granted, with leave to amend.  Plaintiff will
28  have **thirty (30) days** from the date that this Order is entered to file a Second Amended

Complaint, if he believes he can correct the noted deficiencies.  Failure to comply with this Order will result in a recommendation that this action be dismissed with prejudice.

DATED this 26th day of October, 2009.

_____
**GEORGE FOLEY, JR.**
**UNITED STATES MAGISTRATE JUDGE**